UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.                                     Case No.   8:07-cr-237-T-24TBM

NELSON CASTILLO,

      **Defendant.**
_____/

## O R D E R

THIS MATTER is before the court on the matter of the Defendant's competency to stand trial.  Heretofore, the court granted Defendant's motion to determine competency (Doc. 38) and directed that Dr. Donald Taylor, Jr., M.D. conduct a psychiatric evaluation to determine his competency to proceed.  (See Doc. 48).  In accordance with the Order, Dr. Taylor has examined the Defendant and submitted a report containing his findings.  (S-5).  By Dr. Taylor's evaluation, the Defendant suffers from a learning disorder, a substance use disorder, a personality disorder, and posttraumatic stress disorder.  He does not demonstrate the ability to understand the nature and consequences of the charges and proceedings against him or to consult with his counsel with a reasonable degree of rational understanding.  While the Defendant may be malingering,  Dr. Taylor is unable to state within a reasonable degree of medical probability that he *is* competent to stand trial.  According to Dr. Taylor, the Defendant is in need of a transfer to a psychiatric facility within a secure medical center for evaluation and treatment as may be necessary

Neither counsel for the Defendant nor counsel for the government object to the doctor's recommendation that the Defendant be transferred to the custody of the Attorney General for transport to a secure medical facility for further evaluation and treatment.

Upon the information presented, this court concludes that the Defendant is presently suffering a mental disease or defect which may render him mentally incompetent to proceed. Accordingly, pursuant to 18 U.S.C. § 4241(d), the Defendant is committed to the custody of the Attorney General, who shall hospitalize the Defendant for treatment in a suitable facility for such reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will obtain the capacity to permit further proceedings in this cause; or for such additional reasonable time until the Defendant's medical condition is improved such that he may proceed to trial.

The United States Marshal shall promptly make arrangements for the transfer of the Defendant to the custody of the Attorney General as directed herein.

**Done and Ordered** in Tampa, Florida this 15th day of October 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Jerry Massie, Assistant United States Attorney
Ken Siegel, Attorney for Defendant
United States Marshal